Charles A. Loreto, J.
This is an article 78 proceeding brought by the landlord to annul a determination of the State Rent Administrator. This application of the landlord presents his objection to the condition imposed by the respondent on granting a certificate of eviction to the effect that the landlord must exchange apartments with the tenant.
The landlord’s family consists of'five persons: his wife and three children, a boy 13 years of age and two girls 7 and 11 years of age. They presently occupy a three-room apartment in their building on the second floor and seek the four-room apartment on the floor above occupied by the tenant.
Originally, the Local Rent Officer and the State Rent Administrator finding immediate and compelling necessity as well as good faith authorized the issuance of a certificate unconditionally.
The tenant later seeking an exchange of apartments filed a protest. Thereupon both the Local and State Administrators imposed the condition aforesaid to the issuance of the certificate. In a conference in connection with the rehearing on the protest, tenant charged that the landlord’s conduct in seeking his apartment was retaliatory. The landlord having throughout steadfastly refused to consent to an exchange, the respondent con- *785 eluded that the landlord’s conduct was retaliatory and, that the proceeding was not brought in good faith. In consequence the condition was attached to the order granting the issuance of the certificate. The time for compliance with the condition having expired, the landlord’s protest was overruled and the last order of the Rent Administrator was to the effect that the landlord’s application for a certificate of eviction be denied without prejudice to applying therefore upon condition that he consent to an exchange of apartments.
In taking the position of refusing to consent to an exchange of apartments, the court fails to perceive how landlord’s good faith in seeking the four-room apartment is in any way assailed. The stark need of his family for larger quarters than the three-room apartment he now occupies and, for that matter, even the four-room apartment that he seeks, is self-evident. The court overrules, as a matter of law, any finding by the respondent of lack of good faith.
Moreover, in imposing the condition of exchange of apartments in the granting of the certificate, the court finds that the respondent exceeded his authority. All that the landlord was required to show in order to secure the certificate was immediate and compelling necessity and good faith.
Upon the record in this case such a finding must incontrovertibly be made and the respondent may not interpret the statute so as to permit him to expand its requirements (Matter of Rosenbluth v. Finkelstein, 300 N. Y. 402).
Accordingly, the motion is granted and the determination of the Rent Administrator is annulled and he is directed to issue the certificate without the imposition of any condition.